UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-1800 DDN |
| ) | |
| CORIZON and MODOC, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Self-represented plaintiff Joseph Michael Devon Engel (registration no. 1069055), an inmate at Missouri Eastern Correctional Center ("MECC"), brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon plaintiff's request for leave to commence this civil action without prepayment of the required filing fee.[1] For the reasons explained below, plaintiff's request will be granted, but this action will be dismissed without prejudice for failure to state a claim upon which relief may be granted, and for being frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

## Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

---

[1] Plaintiff has not submitted a separate motion despite being directed to do so in an Order issued by the Court on December 23, 2020. ECF No. 4. However, at the end of his complaint, plaintiff requests to proceed with his case without prepayment of fees and costs. ECF No. 2 at 2 ("Application to Proceed in District Court without Prepaying Fees or Costs."). The Court will construe this as a motion for leave to proceed *in forma pauperis*, or without prepayment of fees and costs.

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Liberally construed, plaintiff can be understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee. *See* ECF No. 2 at 2. Although he has not filed a certified account statement in this case, plaintiff states that he gets $5.00 a month. *Id.* As such, the Court will grant plaintiff leave to proceed *in forma pauperis* in this action and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

## Background

Plaintiff is a prisoner and a frequent filer in the United States District Court for the Eastern District of Missouri over the last few months, having initiated over 130 civil actions. As of December 21, 2020, at least three of plaintiff's civil actions were dismissed for one of the reasons enumerated in 28 U.S.C. § 1915(e). *See Engel v. Governor of Missouri*, No. 1:20-cv-217-HEA (E.D. Mo. dismissed Dec. 15, 2020); *Engel v. United States of America*, No. 4:20-cv-1742-MTS (E.D. Mo. dismissed Dec. 18, 2020); *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. dismissed Dec. 21, 2020). Therefore, for cases filed December 22, 2020 and after, plaintiff is subject to the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis*, or without prepayment of fees and costs. However, this case was filed by plaintiff around December 17, 2020, before he received his third 28 U.S.C. § 1915(e)(2)(B) dismissal.

## The Complaint

Plaintiff, currently incarcerated at Missouri Eastern Correctional Center ("MECC"),[2] seeks relief in this matter under 42 U.S.C. § 1983 against two defendants: Corizon and MODOC (Missouri Department of Corrections). ECF No. 2 at 1. Plaintiff, who describes himself as a

---

[2] When plaintiff filed his complaint in this matter, he was incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. He has since been transferred to MECC.

- 4 -

sovereign citizen, prepared his handwritten complaint on two sheets of notebook paper. His complete 'Statement of Claim' is as follows:

> This is over my Galdblader [-] they told me was bad while back my insides feel like their on fire. Uncontroble shakes, breath & [feces] smells like death septic tank. Puking blood, [defecating] blood & clear liquid. Still refuse to treat me going on weeks now.

*Id.*

For relief, plaintiff requests 30 trillion dollars and 1 million in stocks in various corporations and commodities. *Id.*

## Discussion

Having carefully considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court finds this case subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for being frivolous and malicious.[3]

Based on a liberal reading of the complaint, the Court construes plaintiff's allegations as a claim of inadequate medical care. The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, a plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. Nor will a prisoner's "mere disagreement with treatment

---

[3] As an initial matter, the Court notes that plaintiff's alleged status as a sovereign citizen does not excuse him from meeting basic pleading requirements or satisfying the standard of 28 U.S.C. § 1915(e)(2). *See* ECF No. 2 at 1 (plaintiff describes himself in the caption as a "sourvin citizn.") Claims of a "sovereignty" nature completely lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (characterizing as frivolous an appeal in tax case challenging government's jurisdiction over "sovereign citizen"); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty including claims of a "sovereign citizen" or a "secured-party creditor").

decisions" support a claim of deliberate indifference to a prisoner's serious medical needs. *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Instead, a prisoner must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011).

Here, plaintiff seems to be alleging that he has a problem with his gallbladder that defendants have refused to treat. However, plaintiff's allegations are wholly conclusory and completely lacking in any factual support. Plaintiff alleges someone told him his gallbladder "was bad," but he does not specify who told him that or what exactly the problem is with his gallbladder. Even assuming his bare allegation is enough to state an objectively serious medical need, plaintiff does not provide factual allegations that any defendant knew of his serious medical need and disregarded it. Plaintiff does not describe a situation in which he was denied requested medical care. He does not provide details on any visits to medical care providers or who specifically saw him. He alleges that he has been refused treatment but he does not state any treatment that he was refused and by whom. Plaintiff's allegations of denial of medical treatment are merely conclusory statements without any factual support.

In addition, plaintiff does not mention either of the defendants by name in his allegations or connect any named defendant (or any employee of a named defendant) with any specific action in the allegations of his complaint. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under §

1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Also, plaintiff does not allege, with any specificity, that either of these defendants did anything to violate his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). Plaintiff's conclusory allegations are not enough to state a claim for § 1983 liability against the defendants.

Specifically, as to defendant Corizon, "[a] corporation acting under color of state law … will not be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (citing *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993)). Rather, to support a claim against a corporation like Corizon, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders*, 984 F.2d at 975-76 (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983").

Defendant Corizon is the private corporation contracted to provide medical services to prisoners at ERDCC. The complaint does not contain any allegations that a Corizon policy or custom was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendant Corizon.

As to defendant MODOC, this defendant is not suable under § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, including monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Furthermore, this action is also subject to dismissal as factually frivolous because plaintiff's allegations lack an arguable basis in either law or in fact. In the complaint, plaintiff alleges he is entitled to recover trillions of dollars in damages from two defendants, for a claim that entirely lacks factual support. Such demands and allegations rise to the level of the irrational or wholly incredible. The Court therefore concludes that plaintiff's allegations and requested relief are "clearly baseless" under the standard articulated in *Denton*. 504 U.S. 25, 31 (1992).

Finally, this action is also subject to dismissal as malicious. Plaintiff has submitted to this Court an astonishing number of civil complaints, in a short period of time, composed in roughly the same factually unsupported and disjointed manner, against basically the same group of governmental entities or employees of these entities. Plaintiff submits the pleadings in bulk and specifies that he intends each set of pleadings to be docketed as an individual civil action. The Court has received multiple envelopes containing more than ten (10) cases from plaintiff in the past month. The nature of those pleadings and plaintiff's claims for damages are roughly the same

as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Tyler*, 839 F.2d at 1292-93 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-64 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for being frivolous and malicious.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* in this action is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and for being frivolous and malicious.

**IT IS FURTHER ORDERED** that to the extent plaintiff's complaint also seeks appointment of counsel in this matter, such request is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of March, 2021.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE